UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Michael Dennis Bialaski., <br><br> Plaintiff, <br><br> v. <br><br> Quantum Enterprises, Inc., <br><br> Defendant. | Case No.: 24-cv-50040 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Quantum Enterprises' objection [123] to Magistrate Judge Iasparro's Report and Recommendation [118] that default judgment be entered in favor of Mr. Bialaski and against Quantum for $261,857.14 and the return of a 2022 RAM 1500. The Court accepts Judge Isparro's Report and Recommendation as modified by this opinion.

**Background**

Mr. Bialaski entered into an Investment Agreement with Quantum on June 9, 2022. Dkt. 1. He also entered into a Vehicle Lease Agreement with Quantum on June 18, 2022. Dkt. 64. Mr. Bialaski alleges that Quantum breached the Investment Agreement by failing to return an investment, failing to pay a salary, making late payments on credit lines, and failing to make credit card payments. Dkt. 26 at ¶¶ 10-16. Quantum allegedly breached the Vehicle Lease Agreement by failing to comply with its terms. *Id.* at ¶ 17.

After first erroneously attempting to proceed *pro se* as a corporation, Quantum answered. Dkt. 35. Quantum denied the substantive allegations of Mr. Bialaski's complaint, raised several affirmative defenses, and brought a counterclaim against Mr. Bialaski. *Id.* Quantum alleged that Mr. Bialaski breached the Investment Agreement by failing to maintain a valid ID and failing to provide a valid ID to Quantum. *Id.* This alleged breach forced Quantum to delay planned home construction projects. *Id.*

Mr. Bialaski responded to the counterclaim by denying its allegations. Dkt. 40.

**Conduct of the Litigation**

On November 8, 2024, Quantum's first attorney, Michael Parrent, withdrew as Quantum's attorney citing "irreconcilable differences" with Quantum. Dkt. 44. Despite knowing that they required attorney representation, a new attorney didn't appear on Quantum's behalf until March 4, 2025. Dkt. 71. Despite an order from Magistrate Judge Schneider to enter an appearance by March 7, Attorney Dewey Haime didn't do so until March 18. Dkt. 71-72.

Mr. Haime didn't speed up the resolution of the action. Judge Schneider issued several orders directing the parties to file a proposed case management order. Dkt. 74, 76. They repeatedly failed to do so. On May 8, Mr. Bialaski failed to appear for a status conference and was warned that failure to appear again could result in dismissal for failure to prosecute. Dkt. 77.

Judge Iasparro entered duty on May 30. Following a June 5 status conference, Judge Iasparro ordered the parties to meet and confer and file a joint proposed case management order by June 26. Dkt. 81. They failed to do so. Dkt. 83. Judge Iasparro extended the deadline to July 24 with a warning that failure to meet the deadline could result in a recommendation that the case be dismissed for want of prosecution. Dkt. 84. The deadline was extended to August 1. Dkt. 86. On July 30, Judge Iasparro received a letter from Mr. Bialaski explaining that he had been told that Mr. Haime would draft the case management order for Mr. Bialaski's review, but Mr. Haime failed to communicate with Mr. Bialaski about the proposed order. Dkt. 87.

After receiving the letter, Judge Iasparro set a telephonic status hearing for August 7 and warned both parties that failure to appear could result in a recommendation to dismiss claims or counterclaims for want of prosecution. Dkt. 88. Nevertheless, Quantum's counsel failed to appear at the August 7 status conference. Dkt. 89.

On August 13, Mr. Bialaski moved for an entry of default. Dkt. 94. Judge Iasparro granted the motion on August 14, and the clerk entered default on the same day. Dkt. 95-96. On August 15, Mr. Bialaski moved for default judgment. Dkt. 100. On September 4, Quantum moved to set aside the entry of default. Dkt. 103. Following a status conference, Judge Iasparro denied both Quantum's motion to set aside the entry of default and Mr. Bialaski's motion for default judgment. Dkt. 104. On September 17, Mr. Bialaski filed a renewed motion for default judgment with a

3

sum certain affidavit. Dkt. 106-07. Following an October 14 motion hearing, Judge Iasparro issued a Report and Recommendation on November 4 that this Court enter judgment in favor of Mr. Bialaski for $261,857.14 and the return of the 2022 RAM 1500 subject to the Vehicle Lease Agreement. Dkt. 118. Quantum objected to the Report and Recommendation. Dkt. 123. Mr. Bialaski responded. Dkt. 125. Quantum also filed a reply. Dkt. 131.

**Legal Standard**

Quantum objected to Judge Isparro's Report and Recommendation within 14 days. The Court will review the Report and Recommendation *de novo*. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b).

**Analysis**

Two vehicles for default judgment are applicable here. First, Rule 16(f) authorizes sanctions, including default, if a party or its attorney:

> **(A)** fails to appear at a scheduling or other pretrial conference;
> **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> **(C)** fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).

Likewise, Rule 55 sets out a procedure for entering default after a party "has failed to plead or otherwise defend" against the action. Fed. R. Civ. P. 55(a).

No matter the basis, default judgment is an extreme remedy. *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). This Court unequivocally favors decisions on the merits. *See C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases). Nevertheless, default is

4

an appropriate and proportionate sanction when a court is faced with bad faith, repeated delay, contumacious conduct, or the failure of more limited sanctions to change conduct. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1381 (7th Cir. 1993).

Quantum's conduct was serious. After inappropriately attempting, as a corporation, to appear *pro se*, they waited four months to hire new counsel once their first attorney withdrew. Only the threat of a default judgment finally forced Quantum to hire an attorney. Dkt. 69.

Representation did not improve Quantum's behavior. As noted above, defense counsel filed his appearance several days after the deadline set by Judge Schneider. Dkt. 68, 72. No case management order has been entered despite the numerous extensions given by the Court. For good reason, this Court takes case management orders extremely seriously. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, No. 3:12-cv-50324, 2024 U.S. Dist. LEXIS 99866, *79-80 (N.D. Ill. June 5, 2024). Defense Counsel also failed to appear at the August 7 status conference despite receiving notice of the hearing several days in advance. Dkt. 89.

In the motion to set aside the entry of default, Mr. Haime points to the fact that he was married on July 12 and frequently out of the office between July 23 and August 8. Dkt. 103. This Court recognizes that life happens. However, the proper course of action when facing even unexpected life events that disrupt prior commitments is to alert others about the disruption. This is good sense and hopefully still common courtesy. Mr. Haime didn't alert the Court about his other commitments until September 4, well after the entry of default and well after his

5

other obligations ended by his own admission. Dkt. 103. This is inappropriate. Weddings don't occur spontaneously.

Mr. Haime failed to monitor an active docket despite having ample notice of pressing deadlines. He failed to alert the Court in a timely manner that he would be unable to monitor the docket. This failure is compounded by the fact that even absent the status conference, another deadline for the entry of the case management order was set for August 1. Mr. Haime's conduct suggests that he had no intention of meeting the Court's deadlines. If he did, he would have alerted the Court in advance of any problems. The Court can excuse missing a single hearing. It cannot excuse what is evidently repeated and willful disregard for this Court's deadlines over the course of several months. This disregard signals a failure to defend the lawsuit. It is also a clear violation of Rule 16 and a pattern of conduct justifying default.

Mr. Haime now seeks to blame Mr. Bialaski for the failure to enter the case management order. This argument, like Mr. Haime's accusations of misstatements and insinuations of perjury, come too late to be effective. If Mr. Haime seriously believed that Mr. Bialaski was misleading the Court or delaying the prosecution of this lawsuit, he had many opportunities to alert the Court to such problems. In fact, an attorney actively engaged in the defense of his client would likely do so given the possibility of dismissal for lack of prosecution.

Even now, in his objections to Judge Iasparro's Report and Recommendation, Mr. Haime has not presented any evidence supporting his arguments. Instead, the

6

Court is left with a record replete with evidence of Quantum's failure to engage in this lawsuit and comply with this Court's deadlines.

Quantum contends that it didn't receive sufficient notice of the hearing on default judgment. Quantum or its counsel needed to receive notice of the application for default judgment at least seven days before a hearing on the issue. Fed. R. Civ. P 55(b)(2). Quantum received such notice. Dkt. 100, 102. Exact compliance with Judge Iasparro's order requiring the use of certified mail was not necessary given that the purpose of the order was to effectuate notice. Quantum's counsel properly received notice through the electronic filing system and subsequently appeared at the hearing. Fed. R. Civ. P. 5(b)(2)(E); *see e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 601 (7th Cir. 2007) (finding notice valid when made in accordance with Fed. R. Civ. P. 5).

Defendant's repeated failure to respect deadlines demonstrates contumacious conduct and constitutes a pattern of delay. This Court accepts Judge Iasparro's Report and Recommendation striking the answer and counterclaim. The Court enters default judgment in favor of Mr. Bialaski.

As a result, the Court accepts Mr. Bialaski's allegations as true and finds Quantum liable for breach of the Investment Agreement and Vehicle Lease Agreement. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

**Damages Calculation**

Having determined liability, the prevailing party must prove damages, and the court must determine the amount of damages with reasonable certainty. *Dolls*

7

*Kill, Inc. v. MengEryt*, No. 24-2841, 2025 U.S. App. LEXIS 28582, at *5 (7th Cir. Oct. 30, 2025). The damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Quantum contests the damage award on the basis that Mr. Bialaski breached the relevant agreements. This argument gets Quantum nowhere—this Court struck Quantum's counterclaim for the reasons explained above. Quantum doesn't otherwise object to Judge Iasparro's calculation of the damages, so this Court accepts the calculation in the amount of $261,857.14.

Quantum does object to Judge Iasparro's decision requiring the return of a 2022 Ram 1500 on the grounds that it differs in kind from what was requested in Mr. Bialaski's pleadings. The Court agrees. Replevin is a remedy that seeks the return of property. 7 S. Spieser, C. Krause, & A. Gans, American Law of Torts § 24:17 (2025). Damages are different. Restatement (Second) of Torts § 902 (1979). The text of the rule controls. Mr. Bialaski didn't request return of the truck in his pleadings and can't do so now.

**Conclusion**

The Court accepts the Report and Recommendation [118] as modified. Quantum is liable for the conduct alleged in the amended complaint. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $261,857.14.

Entered: December 18, 2025          By: _____
                                                                            Iain D. Johnston
                                                                            U.S. District Judge